

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00352-CR

**EX PARTE** Ricardo **GUZMAN-SIERRA**

From the County Court, Kinney County, Texas
Trial Court No. 12100CR
Honorable Roland Andrade, Judge Presiding

Opinion by:      Liza A. Rodriguez, Justice

Sitting:          Irene Rios, Justice
                  Liza A. Rodriguez, Justice
                  Lori I. Valenzuela, Justice

Delivered and Filed: February 22, 2023

AFFIRMED

Appellant Ricardo Guzman-Sierra ("Guzman") appeals from the trial court's order denying habeas relief. We affirm.

### BACKGROUND

On January 19, 2022, Guzman was arrested in Kinney County and charged with criminal trespass. He was appointed counsel and alleges he was released on personal bond. On April 14, 2022, the trial court issued a notice of setting for a pre-trial hearing on April 22, 2022, and for a jury trial on May 9, 2022. The notice states: "Failure to appear may result in a Bond Forfeiture and a Warrant of Arrest."

Guzman alleges that after he was released on bond, the United States government removed him from this country.

Through counsel, Guzman filed an application for a writ of habeas corpus, seeking dismissal of the charges against him for purported violations of the Fifth and Sixth Amendments to the United States Constitution and Articles I, sections 10 and 19, and V, section 1, of the Texas Constitution alleging deprivations of due process and of his right to counsel.[1] He argued the State coordinated his removal with the federal government, leaving him unable to return to the United States for his trial setting.

The trial court denied habeas relief, and Guzman appealed.

### DISCUSSION

In *Ex parte Dominguez Ortiz*, we considered and rejected the argument that a noncitizen habeas applicant, arrested on criminal trespass charges under Operation Lone Star, was entitled to dismissal of the charges against him after being released on bond and removed from the country. ___ S.W.3d ___, No. 04-22-00260-CR, 2023 WL 1424651, at *7-8 (Tex. App.—San Antonio Feb 1, 2023, no pet. h.) (en banc) (op. on reh'g). We concluded that the Fifth and Sixth Amendment claims the appellant asserted in that appeal were not cognizable by pretrial writ of habeas corpus. *Id*. The claims Guzman asserts in this case are similar to those we addressed in *Dominguez Ortiz*. Therefore, for the reasons described in that opinion, we affirm the trial court's order denying habeas relief.

Liza A. Rodriguez, Justice

Do not publish

---

[1]Because Guzman did not separately argue his state and federal constitutional claims or argue that the Texas Constitution provides different or broader protections than the United States Constitution, we address appellant's claims solely on federal constitutional grounds. *See Bohannan v. State*, 546 S.W.3d 166, 179 n.7 (Tex. Crim. App. 2017); *Jackson v. State*, 992 S.W.2d 469, 475 n.8 (Tex. Crim. App. 1999).